■ PHILLIP LA ROSA, Plaintiff, v. EDWARD J. FURHMANN & COMPANY, INC., et al., Defendants. MARTIN FIREPROOFING CORP., Third-Party Plaintiff-Respondent, v. M. S. I. CORPORATION, Third-Party Defendant-Appellant.— Order unanimously reversed with costs, motion granted and third-party complaint dismissed. Memorandum: Plaintiff is an employee of the third-party

defendant which was the general contractor engaged in the construction of a building where plaintiff was injured. Defendant was the subcontractor performing the mason and brick work thereon. Plaintiff seeks to recover damages from defendant for injuries received when he was struck on the head by a brick falling from a scaffold, which, he alleges, defendant had placed on the front of the building and upon which defendant's employees were piling brick to be laid on the front wall thereof. He alleged in his complaint that defendant was negligent in failing to provide protection for plaintiff, a safety rail, a safe place to work, safety devices, a screen or platform, and in failing to properly store materials, supervise its employees and take preventative measures. The third-party complaint alleges that the third-party defendant had exclusive control over the scaffold; that its employee caused the brick to fall on plaintiff; that it was negligent in erecting the scaffold and in failing to properly control its use and that the injury to plaintiff was caused solely by its primary active and affirmative negligence. " A claim over against a third person charging the third person with active negligence will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant * * *. Conversely, where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law ". (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455.) " Acts of omission constitute active negligence as well as acts of commission " (Bush Term. Bldgs. v. Luckenbach S. S. Co., 9 N Y 2d 426, 430). If none of the allegations of the complaint can be construed as charging defendant with liability without actual fault on its part the defendant may not seek recovery over from a third person (Bush Term. Bldgs. v. Luckenbach S. S. Co., supra, pp. 426, 430, 431; Fiandach v. Mindnich, 33 A D 2d 1096). None of the allegations of the complaint herein can be construed as charging defendant with liability without actual fault on its part. The allegations charge defendant only with active negligence. It follows that defendant may not seek recovery over from appellant. (Putvin v. Buffalo Elec. Co., supra.) Furthermore, the allegations of the complaint and the third-party complaint are mutually exclusive. The third-party complaint alleges acts of negligence on the part of appellant and further alleges that plaintiff's injury was caused solely by appellant's primary, active and affirmative negligence. The allegations amount to a complete defense by defendant to the original complaint and if established would relieve it of any liability to plaintiff. "A claim over for indemnity is insufficient where its allegations would, if established, preclude liability on the part of the one asserting it ". (Beckerman v. Walter J. Munro, Inc., 25 A D 2d 448, 449; see, also, Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, 192; Scivetti v. Niagara Mohawk Power Corp., 33 A D 2d 884.) The third-party complaint should, therefore, be dismissed. (Appeal from order of Erie Special Term denying motion to dismiss third-party complaint in negligence action.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.